IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JASON J. KING, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN MORTGAGE NETWORK, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS BY DEFENDANT CHASE HOME FINANCE AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT <br><br><br> Case No. 1:09-CV-125 TS |

This matter is before the Court on a Motion to Dismiss by Defendant Chase Home Finance, which is joined by Defendant Federal National Mortgage Association ("Fannie Mae"), and Plaintiff's Motion for Summary Judgment. For the reasons discussed below, the Court will grant Defendant Chase's Motion and deny Plaintiff's Motion.

I. STANDARD OF REVIEW

As stated, Defendant Chase has filed a Motion to Dismiss. In that Motion, Defendant refers to and attaches a number of documents outside the pleadings. In response, Plaintiff has

filed a Motion for Summary Judgment, also referring to matters outside the pleadings. The Court will treat the Motions as cross motions for summary judgment.

"Notice to the parties is required to prevent unfair surprise when a judge converts a 12(b)(6) motion into a Rule 56 motion."[1] But "when a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the part[y] puts [him] on notice that the judge may treat the motion as a Rule 56 motion."[2] "The required notice may be actual or constructive, and in some circumstances, the Tenth Circuit has concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice.[3] "A represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment."[4] Because both parties have submitted material beyond the pleadings in their motions here, and because the issues have been sufficiently briefed by both parties, it should not be unfair or inequitable to treat the 12(b)(6) motion as one for summary judgment.

---

[1] *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996) (citing *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir.1986)).

[2] *Id.* (citing *Wheeler v. Main Hurdman*, 825 F.2d 257, 260 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)).

[3] *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

[4] *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985).

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[5] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[6] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[7]

## II. BACKGROUND

In November 2007, Plaintiff received a loan for $112,000 from American Mortgage Network, Inc. ("AmNet") to purchase a property in Ogden, Utah. The loan is evidenced by a promissory note (the "Note") signed by Plaintiff on November 8, 2009.[8] Plaintiff's loan with AmNet was secured by a Deed of Trust dated November 8, 2007.[9] Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the beneficiary of the Deed of Trust as nominee for AmNet and its assigns as the legal title owner of the property. The Deed of Trust states, in pertinent party:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's]

---

[5] *See* Fed. R. Civ. P. 56(c).

[6] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[8] Docket No. 19, Ex. A.

[9] *Id.*, Ex. B.

interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.[10]

Under the terms of the loan, AmNet was authorized to sell or transfer the Note and Deed of Trust to a third party.[11]

In February 2008, AmNet sold the loan to Fannie Mae. Defendant Chase is the servicer of the loan for Fannie Mae. On July 7, 2009, MERS assigned its beneficial interest under the Trust Deed to Chase, as evidenced by an Assignment of Trust Deed.[12] Chase named eTitle Insurance Agency as Substitute Trustee under the Trust Deed.

Plaintiff defaulted under the terms of the loan. Chase caused the property to be foreclosed. Chase sold the property to Fannie Mae at the foreclosure sale.[13]

The day before the foreclosure sale, Plaintiff's former counsel wrote a letter on behalf of Plaintiff to Chase.[14] In that letter, counsel demanded a stop of the foreclosure sale, production of the "promissory note and all other documents in your possession related to the loan," and

---

[10] *Id.*, Ex. B, at 3.

[11] *Id.*, Ex. A at ¶ 1; *id.*, Ex. B at ¶ 20.

[12] *Id.*, Ex. C.

[13] *Id.*, Ex. D.

[14] *Id.*, Ex. E.

threatening legal action if the sale was not stopped.[15] Plaintiff has also provided a second letter written by his former counsel on July 21, 2009.[16]

## III. DISCUSSION

A.     QUALIFIED WRITTEN REQUEST

Plaintiff first alleges that Defendant Chase violated the Real Estate Settlement and Procedures Act ("RESPA")[17] by failing to respond to a qualified written request ("QWR"), namely the letters from Plaintiff's former counsel. Defendant contends that the letters do not meet the standards of a QWR. Defendant further argues that Plaintiff's RESPA claim fails because Plaintiff has not demonstrated a causal link between any damages and the alleged RESPA violation.

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.[18]

A QWR relates only to the "servicing" of the loan, which is defined as requests relating to the "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect

---

[15] *Id.*

[16] Docket No. 21, Ex. A.

[17] 12 U.S.C. § 2605(e).

[18] *Id.* § 2605(e)(1)(B).

5

to the amounts received from the borrower as may be required pursuant to the terms of the loan."[19] If the lender fails to comply with a QWR, the borrower is entitled to "any actual damages to the borrower as a result of the failure; and . . . any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."[20]

The Court need not determine whether the letters from Plaintiff's former counsel meet the requirements of a QWR because he has not alleged damages. RESPA requires borrowers to show actual damages as a result of a failure to comply with its provisions and allows the court to provide the borrower with additional damages in the case of a pattern or practice of noncompliance.[21] Plaintiff has not alleged any actual damage resulting from the failure to respond or delay in responding to the QWR. Therefore, this claim fails.

B.  SPLIT NOTE AND TRUST DEED

Plaintiff seeks to have title quieted in him based on the allegation that the Note and Trust Deed have been split. Plaintiff has not met his burden on summary judgment to show that the Note and Trust Deed have been split. Plaintiff has provided no evidence to support this allegation. Therefore, this claim fails.

---

[19] *Id*. § 2605(i)(3).

[20] *Id*. § 2605(f)(1).

[21] *Id*; *see also Key v. Fifth Third Bank*, No. 2:06-CV-602 CW, 2009 WL 735048, *11 (D. Utah Mar. 18, 2009).

C.   CHASE'S AUTHORITY TO FORECLOSE

Plaintiff also argues that Chase did not have the authority to foreclose the Trust Deed on the Property.  As set forth above, the Deed of Trust states:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.[22]

This Court, per Judge Kimball, interpreting an identical provision, has found that MERS had the authority to initiate foreclosure proceedings, appoint a trustee, and to foreclose and sell the property.[23]  Here, MERS assigned its beneficial interest under the Trust Deed to Chase, as evidenced by an Assignment of Trust Deed.[24]  Thus, for the same reasons set out in *Burnett*, Chase had the authority to foreclose the Deed of Trust.

## IV.  CONCLUSION

It is therefore

ORDERED that the Motion to Dismiss by Defendant Chase Home Finance (Docket No. 18) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 21) is DENIED.

The Clerk of the Court is directed to close this case forthwith.

---

[22] Docket No. 19, Ex. B, at 3.

[23] *Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-69 DAK, 2009 WL 3582294, *4 (D. Utah Oct. 27, 2009).

[24] Docket No. 19, Ex. C.

DATED   August 16, 2010.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge